# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BANCORP BANK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| ADVANCED PAYROLL SOLUTIONS, INC., ADVANCED PAYROLL SERVICES, INC., THE AHOLA CORPORATION, ALLIANCE BENEFIT GROUP, INC., ALLIANCE BUSINESS SOLUTIONS, LLC, ALPHA PAYROLL SERVICES, LLC, ASSETHR, INC., AXIOM HUMAN RESOURCES SOLUTIONS, INC., BBCS PAYROLL, INC., BENE-CARE PAYROLL, LLC, CACHET FINANCIAL SERVICES, CHARLESTON PAYROLL PLUS, LLC, CHOICEPAY PAYROLL & HR SERVICES, INC., CLIFTON LARSON ALLEN LLP, COASTAL PAYROLL SERVICES, INC., COMPUTERSEARCH PAYROLL SERVICES F/K/A COMPUTERSEARCH CORPORATION, CUSTOM PAYROLL SERVICES, EAZEPAY, LLC, EMPLOYER TOOLS AND SOLUTIONS INC., EPAY SYSTEMS, INC., FOCUSPAY SOLUTIONS LLC, HARD 8 ACQUISITIONS, LLC, IEM OF FLORIDA LLC, IGREEN PAYROLL INC., INFINITI HR LLC, HUMAN RESOURCES, INC., INFOCUS PAYROLL, LLC, INTEGRATED PAYROLL SERVICES, INC., INTEGRITY OUTSOURCE, LLC, MANAGEMENT SOLUTIONS, INC., MARATHON HR SERVICES, LLC, MASSPAY, INC., MIDSOUTH CONSULTING GROUP N/K/A TCFCW, LLC, MINT PAYROLL LLC, MM-KMA INVESTMENTS LLC, MONEYWISE PAYROLL SOLUTIONS, INC., PAYDATA PAYROLL SERVICES, INC., PAYDAY PAYROLL RESOURCES, INC., | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

| | |
|---|---|
| PAYLOGIC, PAYMEDIA, LLC, | : |
| PAYROLL CONTROL SYSTEMS, INC., | : |
| PAYROLL EASE LLC, PAYROLL | : |
| LOGIX, INC., PAYROLL PLUS, INC., | : |
| PAYROLL SOLUTIONS, INC., PSPAY, | : |
| INC. F/K/A PAYROLL SUCCESS INC., | : |
| PAYSOURCE, INC., PR FINANCIAL | : |
| SERVICES, LLC, PROFIT BUILDERS | : |
| INC., RJDB ENTERPRISES, INC., | : |
| SAMMONS & HEAD LLC, SEGUE HR, | : |
| LLC, SHEPHERD BUSINESS | : |
| SOLUTIONS, INC., SHIFT HUMAN | : |
| CAPITAL MANAGEMENT, INC., | : |
| SIMPLIFIED EMPLOYER SOLUTIONS, | : |
| LLC, SOLEX PAYROLL SYSTEMS, INC., | : |
| SOLID BUSINESS SOLUTIONS, LLC, | : |
| SOURCEONE PAYROLL SERVICES, | : |
| SOUTHEASTERN EMPLOYEE | : |
| BENEFITS GROUP, INC., SYNDEO | : |
| OUTSOURCING, LLC, TIMEPAY$ | : |
| CORPORATION, TRIANGLE PAYROLL | : |
| SERVICES, INC., TRIPCO, INC., | : |
| VALIANT PAYROLL SERVICES, INC., | : |
| WEBB PAYROLL SERVICE INC., | : |
| WIGGINS PAYROLL, INC., YARMOUTH | : |
| PAYROLL PLUS INC., and ZUMA | : |
| PAYROLL SOLUTIONS, LLC, | : |

    Defendants.

## COMPLAINT

Plaintiff, The Bancorp Bank ("Bancorp"), by and through its undersigned counsel, files this Interpleader Complaint with respect to the above-captioned defendants/claimants in order to allow for the equitable distribution of funds remaining in accounts held at Bancorp by Cachet Financial Services. In support of its interpleader, Bancorp asserts the following:

## PARTIES

1. Bancorp is a Delaware-chartered bank with its principal place of business in Wilmington, Delaware.

2. Cachet Financial Services, formerly known as Cachet Banq, Inc. ("Cachet"), is a corporation organized and existing under the laws of the State of California with its principal place of business located at 175 S. Lake Avenue, Pasadena, California 91101. Cachet is a payroll processing company that contracts with employers and other payroll processors to offer direct deposit services to its customers using the Automated Clearing House ("ACH") network.

3. The other above-captioned defendants/claimants are payroll companies that manage the payroll and other human resource functions of their respective employer clients (the "Payroll Claimants"). Upon information and belief, the Payroll Claimants, or their employer clients, had funds debited by Cachet that were in turn delivered to Bancorp, as Cachet's Originating Depository Financial Institution ("ODFI"), for processing.

## JURISDICTION AND VENUE

4. Bancorp presents this interpleader complaint pursuant to 28 U.S.C. § 1335. Minimal diversity citizenship exists because adverse claimants Cachet, a citizen of California, and The Ahola Corporation, a citizen of Ohio, are citizens of different states, and the amount in controversy exceeds $500.

5. Pursuant to 28 U.S.C. § 1397, venue is proper in this district because one or more claimants are citizens of the State of Delaware. Specifically, one or more Payroll Claimants are incorporated in Delaware, including Alliance Benefit Group, Inc.

## FACTS

6. Bancorp processed ACH files for Cachet as its ODFI.

7. Cachet is a third party sender with a portfolio of clients consisting mainly of payroll companies that hire Cachet to reconcile employee taxes and to facilitate processing of payroll

funding and disbursements. Employers, in turn, contract with the payroll companies to manage payroll and handle other human resource functions.

8. On or about October 21, 2019, Cachet informed Bancorp of a funding failure by an employer in Brooklyn, New York (the "Employer"). More specifically, Cachet paid out monies on behalf of the Employer without receiving corresponding funding. This occurred despite the fact that, after a recent, similar incident, Cachet represented to Bancorp that it would not originate credit transactions unless such transactions were pre-funded.

9. For this and other reasons, on October 23, 2019, Bancorp terminated its relationship with Cachet and instituted a wind-down of processing payroll-related transactions on Cachet's behalf. However, Bancorp did not, and does not, have a contractual relationship with any of Cachet's clients, nor can it remove funds from Cachet's payroll processing accounts (collectively, the "Cachet Settlement Account") without authorized instructions from Cachet. As a result, Bancorp cannot facilitate credit transactions to employee or other accounts for Cachet without corresponding payroll credit instructions from Cachet that accurately detail where the funds should be sent.

10. In the following days, Bancorp worked diligently to reconcile and process ACH credit instructions received from Cachet. However, Cachet failed to deliver accurate credit instructions to the Bank, or to deliver such instructions in a timely fashion. Further, Cachet notified Bancorp that it could no longer pay its employees or information technology vendors who were needed to carry out the credit instruction process.

11. During the wind-down, several of Cachet's clients also informed Bancorp that Cachet was holding reserves in escrow for them and requested that the reserves be returned to them. Cachet related that the reserves were held in one of the other accounts Cachet held at

Bancorp (the "Accounts"), other than the Cachet Settlement Account. This representation was inconsistent with Cachet's previous statements to Bancorp regarding the nature of the funds in the Accounts.

12. As a result of Cachet's failure to deliver accurate and/or timely credit instructions, and its inconsistent representations to Bancorp, Bancorp lost confidence in Cachet's ability to supply the information needed to continue the wind-down process in a safe and sound manner.

13. Around that time, Bancorp also determined that the Employer and Cachet are unlikely to make up the deficit in the Cachet Settlement Account.

14. The Employer referenced in paragraph 8 above pledged to repay the credits it failed to fund. Yet it has so far repaid less than a third of what it owes.[1]

15. In addition, Cachet informed Bancorp that it is unable to cover the deficit. Further, Cachet has instructed the Employer's counsel to re-direct any additional payments by the Employer to Cachet's account at a different banking institution. If such instructions are followed, it will be impossible for those funds to be used to cover the deficit in the Cachet Settlement Account at Bancorp.

16. Therefore, on November 3, 2019, Bancorp completely stopped processing transactions on behalf of Cachet. At that time, Bancorp held approximately $27.1 million in the Cachet Settlement Account for the purported benefit of the Payroll Claimants. Upon information and belief, the funds in the Cachet Settlement Account had been debited or wired from the Payroll Claimants or their employer clients for payroll-related disbursements.

---

[1] Bancorp added the repayments received from the Employer to the Cachet Settlement Account. If any additional payments are received, Bancorp will seek leave of this Court to add them to the Stake.

17.     Bancorp now holds approximately $31.1 million in the Settlement Account and the Accounts (the "Stake").

18.     While the Stake is now approximately $31.1 million, Bancorp believes that the claims that remain for the Payroll Claimants total approximately $42.6 million.  This shortfall will result in conflicting claims amongst the Payroll Claimants.  Upon information and belief, the anticipated shortfall is due to the conduct of the Employer and Cachet.

19.     Upon information and belief, Cachet may claim a right or interest in the Stake.

20.     The Payroll Claimants are Cachet customers that have, or upon information and belief, believe they have contributed funds to the Stake.  Upon current information and belief, the Payroll Claimants' contributions have not been processed by Cachet.[2]  Accordingly, the Payroll Claimants may assert a claim or interest in the Stake.

21.     As detailed above, two or more adverse claimants are claiming or may claim an entitlement to the Stake.

22.     Bancorp, at the Court's direction, will deposit the Stake into the Registry of the Court or into an interest-bearing escrow account, there to abide the judgment of the Court.

WHEREFORE, Plaintiff The Bancorp Bank respectfully requests that the Court enter the following relief:

a)     An Order of Interpleader determining the appropriate defendants/claimants are adverse claimants with respect to the Stake;

b)     An Order that the defendants/claimants who claim entitlement to the Stake establish their respective claims, if any, and that Bancorp be discharged from any other or further

---

[2] As of the date of this Complaint, Cachet is still receiving and processing return collections.  Thus, the amount of money in the Stake remains in flux.

liability to the defendants/claimants by virtue of the Stake which is now before this Court through this proceeding;

        c)      An Order prohibiting the defendants/claimants from instituting or further pursuing any proceedings in any court against Bancorp for the recovery of all or any part of the Stake;

        d)      An Order that Bancorp deposit the Stake with the Registry of the Court or in an interest-bearing escrow account and upon such deposit that the Court dismiss Bancorp from this action; and

        e)      An award of such additional or further relief that is reasonable and just.

Dated: November 4, 2019

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (No. 2900)
William J. Burton (No. 6243)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801-3034
Telephone: 302.252.4465
Email: moskowb@ballardspahr.com
       burtonw@ballardspahr.com

*Attorneys for Plaintiff The Bancorp Bank*